```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| CORNELIUS BRYANT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUSTIN C. GEARTY, et al. | : | NO. 16-3648 |

FILED
NOV 10 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

# M E M O R A N D U M

BEETLESTONE, J.                                NOVEMBER 10ᵗʰ ,2016

    Plaintiff, an inmate, has filed a *pro se* civil rights action against his defense attorney, Judge Jeffery D. Wright of the Lancaster County Court of Common Pleas, the Lancaster County prison and the Lancaster County Clerk of Courts. He is alleging, in essence, that he has been denied access to the courts. For the following reasons, this complaint will be dismissed pursuant to 28 U.S.C. § 1915(e), with leave to file an amended complaint.

    Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Jeffrey D. Wright was acting outside of his judicial capacity in connection with plaintiff's criminal case. Therefore, plaintiff's claims against Judge Wright must be dismissed.

    In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). A defense attorney, whether court-appointed or privately retained, represents only his client, and not the state, and cannot be sued under § 1983. Polk County v. Dodson,

454 U.S. 312 (1981). Therefore, plaintiff's claims against Justin C. Gearty will be dismissed.

Plaintiff's claims against the Lancaster County prison will also be dismissed because a prison is not a "person" subject to suit under the civil rights laws. <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271 (E.D. Pa. 1976); <u>see also</u> <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)

Finally, plaintiff's claims against the Lancaster Clerk of Courts will be dismissed with leave to file an amended complaint, in which he provides more information about how this defendant is directly involved in his claims.

